# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| JAMES METCALF | CIVIL ACTION NO. 05-1165-M |
| VS. | SECTION P |
| BURL CAIN, WARDEN | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court is James Metcalf's *pro se* petition for writ of *habeas corpus* (28 U.S.C. §2254) filed on June 26, 2005.[1]  Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections.  He is incarcerated at the Louisiana State Penitentiary, Angola, Louisiana, where he is serving a hard labor sentence imposed following his 1992 conviction for attempted first degree murder in Louisiana's Fourth Judicial District Court, Morehouse Parish.

This matter has been referred to the undersigned for review, report, and recommendation

---

[1] Petitioner signed his pleading on June 26, 2005; it was received and filed on June 29. The earliest date upon which petitioner could have filed this *habeas* petition was the date he signed it.  Petitioner has thus been given the benefit of the "mailbox rule" with regard to the filing of his writ application in this court.  See *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), wherein a bright-line "mailbox rule" for *pro se* prisoners was established. The Supreme Court recognized that without a mailbox rule, prisoners acting *pro se* would be unduly prejudiced in their attempts to exercise their rights under the law: "Unskilled in law, unaided by counsel, and unable to leave the prison, [a prisoner's] control over the processing of his notice necessarily ceases as soon as he hands it over to the only public officials to whom he has access– the prison authorities–and the only information he will likely have is the date he delivered the notice to those prison authorities and the date ultimately stamped on his notice." *Houston*, 487 U.S. at 271-72, 108 S.Ct. at 2382-83.

1

in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

The petition, its accompanying memorandum, and the published jurisprudence of the State of Louisiana establish the following relevant facts:

1. On April 15, 1992, petitioner was convicted of attempted first degree murder. Sometime prior to June 2, 1992, petitioner was charged as an habitual offender (see La. R.S.15:529.1), and, on October 29, 1992, he was adjudicated an habitual offender and sentenced to serve seventy-five years at hard labor. On October 30, 1992, petitioner was returned to the custody of the State of Arkansas to serve out a sentence imposed in that jurisdiction. [Doc. 1-3, pp. 7-8]

2. Petitioner informed his court appointed attorney that he wanted to appeal the verdict, multiple offender adjudication and sentence. However, no appeal was filed on petitioner's behalf. [Doc. 1-3, p. 8]

3. In December, 2002, petitioner completed his Arkansas sentence and was returned to Louisiana to serve the sentence imposed in 1992. Upon his return to Louisiana, petitioner discovered that his conviction, adjudication, and sentence had not been appealed. [*id.*]

4. On February 2, 2004, petitioner filed an Application for Post-Conviction Relief in the Fourth Judicial District Court. His Application sought to reinstate his appeal rights. On February 20, 2004, his Application was denied as untimely pursuant to the provisions of La. C.Cr.P. art. 930.8. On February 25, 2004, petitioner sought review in the Louisiana Second Circuit Court of Appeals. On March 18, 2004, that court denied relief. [*id.*]

Petitioner applied for a writ to the Louisiana Supreme Court. On February 25, 2005, the

2

Supreme Court denied writs, citing La. C.Cr.P. art. 930.8 and *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So.2d 1189.[2] See *State ex rel. James Metcalf v. State of Louisiana*, 2004-1059 (La. 2/25/05).

5. On June 26, 2005 petitioner filed his federal *habeas corpus* petition alleging two claims for relief:

(1) "The lower courts erred in denying petitioner his state and federal constitutional rights to appeal, notwithstanding the extraordinary circumstances/exceptions that impeded him from timely filing application for post-conviction relief within three years after finality of his conviction seeking an out-of-time appeal based on facts not known to him." and,

(2) "Petitioner has been denied his Sixth Amendment right to the effective assistance of counsel when counsel failed to file a motion for appeal and perfect a direct appeal brief."[Doc. 1-3, p. 9]

## LAW AND ANALYSIS

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by the AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody

---

[2] La. C.Cr.P. art. 930.8 provides a two year limitations period for filing applications for post-conviction relief. *State ex rel. Glover v. State, supra*, at 1201-02, held, among other things, that the Louisiana Courts of Appeal are not precluded from denying relief on basis of the post-conviction time bar provided by art. 930.8 even if a lower court actually addressed the merits of the case.

pursuant to the judgment of a state court.  This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A).

The statutory tolling provision set forth in 28 U.S.C. §2244(d)(2)  provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period.  *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2).  However,  any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period.  *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998).  Federal courts may raise the one-year time limitation *sua sponte. Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

The AEDPA, and the timeliness provision codified at §2241(d), took effect on April 24, 1996.  However, the limitation periods provided by the statute cannot be applied retroactively to bar claims by petitioners, such as Mr. Metcalf, whose convictions were final[3] prior to the effective date of AEDPA.  *United States v. Flores,* 135 F.3d 1000, 1006 (5th Cir. 1998).  Such petitioners are afforded a one-year grace period, or until April 24, 1997, to file an application for

---

[3] See La. C.Cr.P. art. 914(b)(1) which, at the time of petitioner's conviction, provided, "The motion for an appeal must be made no later than [f]ive days after the rendition of the judgment or ruling from which the appeal is taken." Art. 914 was amended by Act No. 949, § 1 of the 2003 Louisiana Legislature to extend the time period to thirty days.

La. C.Cr.P. art. 13 provides: "In computing a period of time allowed or prescribed by law...the date of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday. ... A legal holiday is to be included in the computation ... except when ...the period is less than seven days." Petitioner's judgment of conviction and sentence became final for AEDPA purposes when this five day period expired sometime in November, 1992.

writ of *habeas corpus* in federal court. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999);

*Flanagan v. Johnson,* 154 F.3d 196 (5th Cir. 1998); *Villegas v. Johnson,* 184 F.3d at 469 (5th Cir.

1999); *Flores, supra.*

    If the petition is not filed within the one-year grace period, the courts are to apply the

statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) which provides that the time during

which a properly filed application for post-conviction relief was pending is state court is not

counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999);

*Coleman, supra; Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2).

    As noted above, petitioner's judgment of conviction and sentence became final in late

August, 1995. Since his conviction became final prior to the April, 1996, effective date of the

AEDPA, petitioner must be afforded the one-year grace period. Therefore, petitioner had until

April, 1997 within which to file his federal *habeas corpus* petition. Petitioner admits that he did

not successfully toll the limitations period prior to expiration of the one-year grace period. He

claims that since he was incarcerated in Arkansas, he had no way to contact his Louisiana

attorney or the Louisiana courts to determine the status of his appeal. He also claimed that the

Arkansas prison where he was housed had no Louisiana law books. Finally, he claimed that he

became aware of these facts only upon his return to Louisiana in late December, 2002.[4]

    Petitioner did not file his Application for Post-Conviction Relief until February 2, 2004.

[See Doc. 1-3, p. 9, "Petitioner then sought an out-of-time appeal by way of Application for Post-

---

[4] "Petitioner submits that he was never informed of the status of any appeal by [court-appointed counsel], despite the fact that he provided Mr. Roland and the State of Louisiana with his address and also attempted to find counsel's address. Nevertheless, petitioner was not returned to the State of Louisiana until December 30, 2002, where he has discovered that no appeal was filed ..." [Doc. 1-3, pp. 13-14]

conviction Relief, which he filed on or about February 2, 2004, in the Fourth Judicial District Court."]

In order to successfully toll the one-year grace period, petitioner would have had to file this pleading prior to the expiration of the grace period. Obviously, he did not.

Petitioner contends that he only became aware of the factual predicate of his claim upon his return to Louisiana and that this later date, and not the date upon which his conviction became final, should be used to reckon the AEDPA limitations period. [See 28 U.S.C. §2244(d)(1)(D) which provides for the reckoning of the limitations period from "...the date on which the factual predicate of the claim ... could have been discovered through the exercise of due diligence..."] By his own admission, petitioner became aware of his plight shortly after his return to Louisiana in late December, 2002. He did not seek reinstatement of his appeal until February, 2004, more than one-year after his return to Louisiana. Even if the limitations period is reckoned in accordance with §2244(d)(1)(D), petitioner's federal habeas petition is untimely.

Further, as shown above, petitioner's application for post-conviction relief was determined by the Louisiana Courts, including the Louisiana Supreme Court, to be untimely under Louisiana law. See *State ex rel. James Metcalf v. State of Louisiana*, 2004-1059 (La. 2/25/05). The Louisiana courts cited La. C.Cr.P. art. 930.8 as grounds for dismissal. That article provides a two-year limitations period for the filing of applications for post-conviction relief reckoned from the date of finality of judgment. A federal *habeas corpus* petitioner cannot rely upon the statutory tolling provisions of §2244(d)(2) if by the time he filed the application, it was time-barred under Louisiana law. This is so because an untimely application for post-conviction relief cannot be considered "properly filed" so as to toll the running of the limitations period.

6

See *Pace v. DiGuglielmo*, — U.S. —, 125 S.Ct. 1807, 161 L.Ed.2d 669 (Apr 27, 2005) (A petitioner's state post-conviction petition, which was rejected by the state court as untimely under state statute of limitations, was not "properly filed," within the meaning of the statutory tolling provision of the AEDPA and thus could not toll the limitations period.)

Finally, petitioner may not rely upon equitable tolling because his pleadings fail to present any of those "rare and exceptional circumstances" which warrant the application of the equitable tolling doctrine. See *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir.1998); see also *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.2000), *reh'g* granted in part, 223 F.3d 797 (5th Cir.2000); *Felder v. Johnson*, 204 F.3d 168, 171- 72 (5th Cir.2000); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999).

His ignorance of Louisiana law does not suffice to trigger application of the doctrine. *Coleman v. Thompson*, 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

Petitioner's argument that he was unaware of the fact that no appeal had been filed on his behalf is also insufficient to warrant the application of the equitable tolling doctrine. Petitioner could have discovered earlier that no appeal had been filed.

As shown above, even if petitioner is given the benefit of every reasonable doubt, the facts establish that he waited more than one year after his return to Louisiana to file the pleading which sought the reinstatement of his appeal. Equitable tolling should only be applied if the applicant diligently pursues § 2254 relief. *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir.2000); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.2000); *Coleman v. Thompson*, 184 F.3d 398, 403 (1999), *cert. denied* 120 S.Ct. 2564 (2000). Then, petitioner allowed another four months to elapse between the Supreme Court's denial of his application for *certiorari* and the date he filed

his federal *habeas*.

These circumstances are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman*, 184 F.3d at 402 (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996). A "'garden variety claim of excusable neglect'" does not support equitable tolling. *Id.*

Petitioner was physically capable of determining whether an appeal had been filed on his behalf, but he failed to do so until his federal limitations period had lapsed. The fact that the petitioner waited almost a decade without a decision from the state courts before seeking the reinstatement of his right to appeal does not suggest diligence on his part. Equitable tolling is not warranted. See *Myers v. Cain*, 2001 WL 1218763 (E.D.La. Sep 28, 2001), affirmed by *Myers v. Cain*, 55 Fed.Appx. 716, 2002 WL 31933051 (5th Cir. 2002), *cert. denied*, 538 U.S. 1020, 123 S.Ct. 1947, 155 L.Ed.2d 862 (2003).

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may

respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 17th day of October, 2005.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE